NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 13-2215

_____

UNITED STATES OF AMERICA

v.

RYAN SEALS,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 12-CR-00206-01)
District Judge: Hon. Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)

February 14, 2014

BEFORE: McKEE, *Chief Judge*, and CHAGARES and SHWARTZ, *Circuit Judges*

(Opinion Filed: May 8, 2014)

_____

OPINION OF THE COURT

_____

McKEE, *Chief Judge*

Ryan Seals appeals the District Court's judgment of sentence and conviction for illegally possessing a firearm. He argues that the District Court abused its discretion by permitting the Government to present inadmissible hearsay, and by excluding potentially exculpatory evidence. For the following reasons, we will affirm the order of the District Court.[1]

I.

As we write only for the parties who are familiar with the facts and procedural history of this case, we need not reiterate them.

Seals first argues that the District Court abused its discretion by allowing the Government to present hearsay testimony in the form of a statement by Seals' brother, Bryan. However, the District Court properly concluded that the disputed statement was not being offered to prove the truth of the declaration (that police where in the area). Rather, it was offered to show its effect on Seals. Accordingly, it was not hearsay under FED. R. EVID. 801(c).

The statement was also admissible as a present-sense impression under FED. R. EVID. 803(1) to reflect his spontaneous observations about police presence, and the court properly allowed police to explain the meaning of the street phrase. *See United States v.*

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291 and § 3742(a).  We generally review a trial court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Green*, 556 F.3d 151, 155 (3d Cir. 2009) (citing *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir. 1996)). In the event that the evidentiary determination is premised upon an interpretation of the federal rules of evidence, however, our review of the determination is plenary. *Id.*

*Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999) (officers with particularized knowledge may explain the meaning of certain street terms).

Seals' also argues that he should have been allowed to admit a statement made to a detective during a photo array. The declarant did not testify and was apparently not available because he would have asserted his privilege against self-incrimination. Seals first contends that Detective Cremen's observation of Reginald Gibbons' *failure to identify* Ryan Seals was admissible as a non-hearsay description under FED. R. EVID. 602. In the alternative, Seals claims that Detective Cremen's testimony regarding Reginald Gibbons' written statement qualifies as a hearsay exception under 803(b)(3) or 804(b)(5).

Seals' first argument confuses the purpose of FED. R. EVID. 602. As a result, it fails. FED. R. EVID. 602 functions as pre-requisite for the introduction of testimony. A witness may not testify about an event s/he does not have personal knowledge of. The Rule does not supplant the hearsay rules.

Seals' second argument is similarly misplaced. Gibbons' statement was made while police considered him a complainant, not a suspect. Given the circumstances surrounding the disputed statement, and the fact that it was neutral, rather than incriminating, it cannot reasonably be viewed as an "admission" against interest and is therefore not admissible under FED. R. EVID. 804(b)(3). Although Gibbons did later

3

confess to possessing a gun, that does not transform the nature of statements he made when police viewed him as a victim.[2]

Seals' final argument likewise fails. As a general matter, we have reserved application of the residual hearsay exception—Rule 807—to instances when "exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." *United States v. Turner*, 718 F.3d 226, 233 (3d Cir. 2013) (quotation marks omitted). Gibbons' statement lacked any degree of trustworthiness because of its surrounding circumstances. He was not under oath nor subject to cross-examination. It was rather a voluntary statement made soon after the shooting.

Moreover, not only is there no corroboration of the statement's reliability, there is a wealth of evidence suggesting that he likely could have identified Seals. In the end, all of this evidence points to the conclusion that the District Court did not commit reversible error by excluding this evidence for lack of trustworthiness.[3]

II.

For the foregoing reasons we will affirm the order of the District Court.

---

[2] Because we find that the statements were not against Gibbons' penal interest, it is unnecessary to examine the indicia of reliability.

[3] Seals' due process argument also fails as the evidentiary ruling concerning Gibbons' statement did not impede his right to present a defense. *Williams v. Price*, 343 F.3d 223, 232 (3d Cir. 2003).